UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-22642-BLOOM/Torres

JACK DOHENY COMPANIES, INC.,

      Plaintiff,

v.

DRAINAGE PARTNERS, LLC, et al.,

      Defendants.

_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Jacques Nicolas' ("Nicolas") Motion to Dismiss ("Motion"), ECF No. [26]. Plaintiff filed its Response, ECF No. [35], to which Defendant filed a Reply, ECF No. [38]. The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

### I.  BACKGROUND

This is an action for breach of contract between a lessor of trucks and heavy machinery against a lessee and two of its guarantors for monetary damages stemming from allegedly unpaid invoices. On July 14, 2023, Plaintiff Jack Doheny Companies, Inc. ("Plaintiff") filed its Complaint against Defendants Drainage Partners, LLC ("Drainage Partners"), and the two guarantors to the contract, Nicolas, and Johnny Joseph ("Joseph"), ECF No. [1]. In its Complaint, Plaintiff alleges (1) Breach of Contract against Drainage Partners; (2) Account Stated against Drainage Partners, (3) Breach of Guaranty against Nicolas; and (4) Breach of Guaranty against Joseph. ECF No. [1]. Plaintiff alleges that the parties entered into several rental contracts ("Rental Contracts") which

included terms and conditions providing that unpaid invoice due to the lessor "will accrue interest at the rate of 18% per annum" plus reasonable attorney fees and the costs of collection if legal action is required. *Id*. ¶¶ 12-13. Nicolas and Joseph personally guaranteed payments to Plaintiff for any unpaid obligations of Drainage Partners and "any and all expenses incurred in the collection of said indebtedness, including [] legal fees, expenses and interest at the maximum legal rate permitted by state" pursuant to the "Personal Guarantee" executed by Nicolas and Joseph on February 11, 2020. *Id*. ¶ 18, 20.

On or about September 2020, Drainage Partners was in possession of trucks under the Rental Contracts. Id. ¶ 14. Later that month, Plaintiff invoiced Drainage Partners, which as of filing the Complaint, resulted in an unpaid balance of $104,645.12 ($74,603.71 in rental fees, and $30,041.41 in interest as provided for within the terms and conditions of the Rental Contracts). *Id*. ¶¶ 14-15. Plaintiff made multiple demands for payment to all Defendants. One withdrawal for $3,000.00 from Drainage Partner's bank account was authorized by Nicolas but was "returned by the bank." *Id*. ¶ 22-23; ECF No. [1-3] at 77. Plaintiff then sent three Demand Letters to Defendant Drainage Partners on February 18, 2022, October 6, 2022, and November 23, 2022. *Id*. ¶ 24. The balance remains unpaid.

In his Motion, Nicolas argues that Plaintiff's Complaint should be dismissed because it fails to meet the amount in controversy threshold for federal jurisdiction required in 28 U.S.C. § 1332 and is an impermissible shotgun pleading. ECF No. [26] at 3-5.

## II.  LEGAL STANDARD

### a.  Diversity Jurisdiction 28 U.S.C. § 1332(a)

To establish original jurisdiction, a lawsuit must satisfy the jurisdictional prerequisites of either federal question jurisdiction pursuant to 28 U.S.C. § 1331 or diversity jurisdiction pursuant

to 28 U.S.C. § 1332. Federal question jurisdiction exists when the civil action arises "under the Constitution, laws, or treaties of the United States." *Id.* § 1331. Diversity jurisdiction exists when the parties are citizens of different states, and the amount in controversy exceeds $75,000. *See id.* § 1332(a). "To determine whether this standard is met, a court first examines whether 'it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.'" *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006), *abrogated on other grounds by Dudley v. Eli Lilly & Co.*, 778 F.3d 909 (11th Cir. 2014).

### b. Shotgun Pleading

"A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1128-29 (11th Cir. 2001)). "Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356-57 (11th Cir. 2018) (quoting *Cramer v. Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997)).

Overall, shotgun pleadings do not establish a connection between "the substantive count and the factual predicates . . . [and] courts cannot perform their gatekeeping function with regard to the averments of [the plaintiff's claim]." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279-80 (11th Cir. 2006). The Eleventh Circuit has identified four types of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published

opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Merch. One, Inc. v. TLO, Inc.*, No. 19-CV-23719, 2020 WL 248608, at *3 (S.D. Fla. Jan. 16, 2020)

(quoting *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015)

(footnotes omitted)). Shotgun pleadings are condemned by the Eleventh Circuit, which has

specifically instructed district courts to dismiss shotgun pleadings as "fatally defective." *B.L.E. v.*

*Georgia*, 335 F. App'x 962, 963 (11th Cir. 2009) (citations omitted).

### c. Motion to Dismiss

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the

plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor

of the plaintiff. *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304

F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F.

Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and

courts "are not bound to accept as true a legal conclusion couched as a factual allegation."

*Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*,

449 F.3d 1342, 1352 (11th Cir. 2006). A court considering a Rule 12(b) motion is generally limited

to the facts contained in the complaint and attached exhibits, including documents referred to in

the complaint that are central to the claim. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959

(11th Cir. 2009); *see also Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir.

2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

## III. DISCUSSION

### a.   Plaintiff's amount in controversy pursuant to 28 U.S.C. § 1332(a)

In his Motion, Nicolas argues that the Complaint is facially deficient as the principal amount due is only $74,603.71 and Plaintiff relies upon interest of $30,041.41 to meet the threshold jurisdictional requirement in 28 U.S.C. §1332. ECF No. [26] at 4. Nicolas cites the plain language of § 1332(a) that jurisdiction exists "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *Id*. As the principal amount in controversy falls below $75,000, Nicolas argues that the Complaint should be dismissed. ECF No. [26] at 4. Defendant cites to one Eleventh Circuit case for support, that "diversity jurisdiction is determined at the time of filing the complaint." *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016).

Plaintiff responds that Nicolas' arguments are without merit as the contractual interest agreed to within the Rental Contracts is includable to calculate the amount in controversy for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332. ECF No. [35] at 3. Plaintiff argues that "multiple courts have ruled that when interest is included as a term of the contract (contractual interest), to which both parties agreed, the contractual interest can be used to satisfy [] 28 U.S.C. § 1332." *Id*. at 3. Plaintiff relies on *Mid-Atlantic Finance Co. v. Select Car Co., Inc*., 8:15-cv-960-MSS-AEP, 2015 WL 13357939 (M.D. Fla. July 6, 2015) holding that interest may be included when it is integral to the contract, and "not merely a result of Plaintiff's delay in bringing suit." *Id*. at *3 (quoting *Mullican v. TSB Fin. Servs., Inc.*, No. 6:06-cv-1209-Orl-31KRS, 2006 WL 2947856,

at *2 (M.D. Fla. Oct. 16, 2006)). In *Mid-Atlantic*, the court found that when the amount in controversy rose from $70,482.17 pre-interest to $79,085.12 with the inclusion of contractual interest, the amount in controversy threshold was satisfied for diversity under 28 U.S.C. §1332(a). 2015 WL 13357939, at *3.

Here, Plaintiff argues that Defendant agreed to the Terms and Conditions in the Rental Contracts which provided an 18% per annum interest rate for unpaid invoices, and that term was integral to the contract. ECF No. [35] at 4. Plaintiff notes one demand letter sent on October 6, 2022, alleging that Drainage Partners owed Plaintiff $97,029.41. ECF No. [1-3] at 82, 92. Plaintiff argues that as in *Mid-Atlantic*, the interest was not the result of delay on its part, the interest owed accrued more one year before filing its Complaint, and the demand letter referenced also predated its Complaint by several months. ECF No. [35] at 4. As such, Plaintiff argues that it has properly met the amount in controversy requirement in 28 U.S.C. § 1332.

Nicolas replies that Plaintiff deviates from the text of § 1332(a), and absent any "'clearly expressed legislative intent to the contrary, that language must ordinarily be regarded as conclusive.'" (citing *U.S. v. Alvarez-Sanchez*, 511 U.S. 350, 356 (1994)). Defendant broadly cites *Consumer Product Safety Comm. Et al., v. GTE Sylvania, Inc. et al.*, 447 U.S. 102 (1980), and *Connecticut Nat'l Bank v. Germain*, 112 S. Ct. 1146 (1992) for support. To argue that Plaintiff's reliance on *Mid-Atlantic* and *Mullican* is wrong, Nicolas asserts that *Brainin v. Melikian*, 396 F.2d 153 (3rd Cir. 1968) where the court noted that "Congress limited federal diversity jurisdiction to cases [meeting the statutory threshold] exclusive of interest [per] 28 U.S.C. § 1332(a) to prevent the delaying of a suit merely to accumulate the necessary amount for federal jurisdiction" is the type of statutory interpretation that courts have moved away. *See* 396 F.2d at 155 n. 2; *see also* ECF No. [38] at 2. To further argue against *Brainin*, Nicolas cites *Brusherford v. Ford Motor Co.*,

No. 3:08-CV-513-J-JRK, 2008 WL 11336254 (M.D. Fla. Dec 29, 2008) to assert that *Brainin* has been primarily relied on for use as a contrary holding in this Circuit. ECF No. [38] at 3.

Nicolas also replies that *Mullican* and *Mid-Atlantic* are distinguishable as those cases were based upon financing interest accrued, not interest due to non or late payments. *Id*. at 3-4. In *Mullican*, the dispute arose over a promissory note. 2006 WL 2947856, at *2 That court found that interest was integral to that contract because that plaintiff contracted to lend money specifically to earn interest. *Id*. In *Mid-Atlantic*, the dispute pertained to the repurchase of installment sales contracts. 2015 WL 13357939, at *3. That court determined that "any interest due [] arises from the financing terms in the Installment Sales Contracts" and is therefore integral to that contract and not "merely a result of Plaintiff's delay in bringing suit." *Id*. Nicolas argues that the 18% interest due to Plaintiff for failure to pay is therefore not includable to satisfy jurisdiction in this Court whether or not the interest was agreed to by all parties within the four corners of the contract. Nicolas did not address Plaintiff's argument that it did not delay filing the suit to meet the amount in controversy threshold.

Nicolas cites to a case in another district, *Wescom Cap., Inc. v. Atlantis Internet Grp. Corp.*, No. C07-1912MJP, 2008 WL 1929900 (W.D. Wash. Apr. 29, 2008). The Plaintiff in *Wescom* also sought relief in that district court based upon combining the principal amount due with interest for non-payment of service invoices. *Id*. at *1. That Plaintiff relied "on the addition of the interest rate from the invoices to meet the jurisdictional amount" under 28 U.S.C. § 1332(a). *Id*. at 2. There, the court determined that "interest is uniformly excluded" if incidental to the claim or "arises solely by virtue of a delay in payment." *Id*. (quoting *Regan v. Marshall*, 309 F.2d 677, 677-78 (1st Cir. 1962))."[I]nterest imposed as a penalty for delay in payment is 'excluded in determining jurisdictional amount.'" (quoting *Brainin v. Melikian*, 396. F.2 153, 154 (3rd Cir. 1968)). Nicolas

concludes by citing *Brusherford v. Ford Motor Co.*, No. 3:08-CV-513-J-JRK, 2008 WL 11336254 (M.D. Fla. Dec. 29, 2008) for support that collateral charges such as financing and bank charges are not proper to include for the amount in controversy requirement as they are interest within the Magnuson-Moss Warranty Act. *Id.* at \*3.

The Court agrees with Plaintiff and finds that the interest in integral to the contract and the resulting dispute. In *Mid-Atlantic*, the court found that diversity jurisdiction existed when that plaintiff failed to calculate all interest due in its complaint, but the demand letter the parties debated showed an amount an amount in controversy of $79,085.12. 2015 WL 13357939, at \*3. There, the court refused to remand based upon the lower, $70,482.17 amount in the complaint finding that the demand letter was specific and reflected the amount that plaintiff believed it was owed. *Id.* That plaintiff demanded that any judgment entered in its favor include interest. *Id.* Even though the reference to interest was "vague," the court held that the interest due arose from financing terms within the installment sales contract and was therefore "integral" to the contract and not "merely a result of [] delay in bringing suit." *Id.* The court did not hold that only interest arising from financing terms can be considered integral to a contract.

Similarly, in *Mullican*, that court found that the amount in controversy was satisfied even though the complaint "lacked concrete figures" for damages for an unpaid loan of $50,000.00. 2006 WL 2947856, at \*2. *Mullican* held that interest can be used to reach the amount in controversy when "it is an integral part of the contract." *Id. Mullican* relied upon *Fedin-Scarberry* No. 8:06-CV-0112-T-17-TBM, 2006 WL 2085796 (July 26, 2006). There, a plaintiff sued an insurer for failure to defend and indemnify after an accident resulted in a default judgment of $56,671.53 against that plaintiff. *Id.* at \*1. The court held that interest sought against a default judgment was not "an integral part of the total obligation." *Id.* at \*2. As a default judgment, interest

was "merely incidental" to the damages sought, and therefore not includable to satisfy the amount in controversy for jurisdiction under 28 U.S.C. § 1332. *Id*. Moreover, the plaintiff in *Fedin* waited three years to file suit against the insurer, and there was no contractual agreement to pay interest. Here, as alleged, the parties entered into a contract allowing for interest of 18% for unpaid invoices and there is no indication that Plaintiff delayed suit to accrue interest.

Nicolas' reliance on *Brusherford v. Ford Motor Co*., No. 3:08-CV-513-J-JRK, 2008 WL 11336254 (M.D. Fla. Dec 29, 2008) is unavailing. *Brusherford* is inapposite as that case involved the issue of whether that court had jurisdiction pursuant to the Magnuson-Moss Warranty Act, which provides its own jurisdictional amounts under 15 U.S.C. § 2310, not under 28 U.S.C. § 1332, an issue bot before this Court.

In sum, the Court agrees that the contractual interest due to Plaintiff can be included in the total amount in controversy for purposes of jurisdiction under 23 U.S.C. § 1332.

### b. Plaintiff's Complaint is not a shot gun pleading

Nicolas alternatively moves to dismiss the Complaint by asserting that it is an impermissible "shotgun pleading" and "incorporates by reference the allegations of each count into each successive count." ECF No. [26] at 4. Nicolas argues that this deficiency violates Federal Rules of Civil Procedure and *Weiland v. Palm Beach Cty. Sheriff's Office*., 792 F.3d 1313 (11th Cir. 2015); *See* Fed. R. Civ. Pro. 8(a)(2), 10(b). Nicolas asserts that Plaintiff violates the first category of "shotgun pleading" set forth in *Weiland*: "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." 792 F.3d at 1321. Nicolas next relies on *Lampkin-Asam v. Volusia Cty. Sch. Bd*., 261 F. App'x 274 (11th Cir. 2008) to assert that shotgun pleadings are often incoherent and confusing, filled with irrelevant

allegations, and therefore Plaintiff's Complaint should be dismissed. Defendant also cites *Gazzola v. NCL (Bahamas) Ltd.*, No. 19-21535-CIV, 2019 WL 3067506, at *2 (S.D. Fla. July 12, 2019) that shotgun pleadings delay justice and take a disproportionate amount of time for courts to resolve. *Id*. at *2. Nicolas concludes by citing *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293 (11 Cir. 2002) for support that Plaintiff's "[c]omplaint reflects the first category [] of shotgun pleadings" and should be dismissed as it incorporates by reference the allegations in the prior counts, generally "leading to a situation where most of the counts [] contain irrelevant factual allegations." *Id*. at 1295; *see* ECF No. [26] at 5-6.

Plaintiff responds that the Complaint is compliant with the Federal Rules of Civil Procedure and concisely details the common set of facts giving rise to the claims against all Defendants. ECF No. [35] at 6. As Nicolas is a personal guarantor, the "facts that give rise to Plaintiff's claims against Drainage Partners for breach of contract are those facts that give rise to Plaintiff's claims against [] Nicolas." *Id*. Plaintiff also argues that Nicolas' reliance on *Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274 (11th Cir. 2008) is misplaced as its Complaint "is not remotely close" to the complaint at issue in *Lampkin*. ECF No. [35] at 6. In *Lampkin*, the court dismissed that complaint referring to it as "a labyrinth of claims, counts, and accusations" which had not been cured upon the third attempt to successfully file a complaint. 261 F. App'x at 276.

Nicolas replies that because the Complaint incorporates by reference the allegations of each count into successive counts, the information is therefore irrelevant, resulting in an impermissible shotgun pleading. ECF No. [38] at 5. Nicolas does not reply as to whether the facts in Count I and II are relevant, comprising a common set of facts pertaining to Count III against him.

Case No. 23-cv-22642-BLOOM/Torres

The Court agrees with Plaintiff. Count I alleges breach of contract against Drainage Partners for failure to pay amounts owed to Plaintiff. Count II alleges the Account Stated against Drainage Partners which was not disputed. Counts III alleges facts for breach of Guaranty against Nicolas, and Court IV alleges facts for breach of guaranty against Joseph. ECF No. [26]. The Count against Nicolas incorporates factual allegations as to the underlying breach of contract and account stated claims, which relate to Nicolas' status as guarantor. *Weiland* condemns the incorporation of preceding paragraphs "leading to a situation where most of the counts [] contain irrelevant factual allegations and legal conclusions." 792 F.3d at 1324. Plaintiff is correct that here, logically incorporating the underlying, common set of relevant factual allegations that give rise a claim does not alone violate *Weiland*.

Moreover, Nicolas' reliance on *Lampkin* is unavailing as that court determined the complaint to be generally incomprehensible; no reference was made to incorporating facts in preceding counts. 261 F. App'x 274. Similarly, in *Gazzola* the court dismissed a complaint due to claims made against multiple defendants without specifying which defendant was responsible for which act or omission. 2019 WL 3067506, at *2. Finally, Nicolas referenced *Strategic Income Fund* which addressed the first category of shotgun pleadings. 305 F.3d 1293. There, the Eleventh Circuit affirmed the district court's dismissal of certain claims for incorporating by reference all prior allegations of preceding counts. *Id*. However, that complaint contained 127 paragraphs and nine counts, with each count incorporating by reference every prior paragraph before it. *Id*. at 1295. Additionally, the *Strategic Fund* court determined that incorporating those preceding factual allegations caused that complaint to be so incomprehensible that the court could not determine "exactly which facts formed the basis of the plaintiff's [] claims" or "what allegedly transpired." *Id*. at 1296. The Court makes no such determination here. The factual allegations incorporated by

11

reference are relevant, coherent, and serve as a proper basis for the claims against Nicolas as guarantor of the Rental Contracts. In sum, the Court finds the Complaint is proper, not a shotgun pleading in violation of *Weiland*, and is in accordance with Rule 8(a) and Rule 10(b) of the Federal Rules of Civil Procedure.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss, **ECF No. [26]**, is **DENIED**.

2. Defendant Jacques Nicolas shall file an Answer to the Complaint by **January 10, 2024**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 28, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

12